UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION,<br><br>AND ALL RELATED CASES. | MDL 1566<br>2:03-CV-1431-PMP-PAL<br>BASE FILE |
| SINCLAIR OIL CORPORATION, a Wyoming Corporation,<br>          Plaintiff,<br>v.<br>ONEOK ENERGY SERVICES COMPANY, L.P., a Texas Corporation,<br>          Defendant. | MDL 1566<br>2:06-CV-282-PMP-PAL<br><br>**ORDER** |

Presently before this Court is Defendant's Motion for Attorney's Fees and Brief in Support (2:06-CV-0282-PMP-PAL, Doc #62) filed on May 15, 2006. Defendants filed a Supplement to Motion for Attorney's Fees and Brief in Support (2:06-CV-0282-PMP-PAL, Doc. #63) on May 23, 2006. Plaintiff filed a Response (2:06-CV-0282-PMP-PAL, Doc. #64) on June 2, 2006.

///

///

## I. BACKGROUND

Plaintiff filed its Complaint against Defendant alleging breach of contract and breach of the covenant of good faith and fair dealing, breach of contract and breach of the implied terms of an open price contract, breach of contract and unjust enrichment, breach of contract and reformation of the contract between Sinclair Oil Corporation ("Sinclair") and OneOK Energy Services ("OneOK"), fraud, negligent misrepresentation, violation of the Sherman Act, violation of the Oklahoma State Antitrust Statue, violation of Federal Civil RICO, and violation of the Oklahoma Protection Act. (Compl. [2:06-CV-0282-PMP-PAL, Doc. #1].) Plaintiff originally filed its Complaint in the United States District Court for the District of Wyoming. (Id.) On February 15, 2006, the Judicial Panel on Multidistrict Litigation transferred the present matter to this Court for consolidated and coordinated briefing. (Conditional Transfer Order dated Feb. 15, 2006 [2:06-CV-0282-PMP-PAL, Doc. #39-1].) On May 2, 2006, this Court dismissed Plaintiff's claims for failure to state a claim under the filed rate doctrine. (Order dated May 2, 2006 [2:06-CV-0282-PMP-PAL, Doc. #59].)

Defendant now moves this Court to award it attorneys' fees in the present matter. Defendant argues that because Plaintiffs original claim was for breach of contract claim under Oklahoma law, it is entitled to attorneys' fees under Oklahoma Statute Annotated Title 12 § 936. Defendant makes a total fee request of $42,350.62. Plaintiff responds that this Court's May 2, 2006 Order does not entitle Defendant to attorneys' fees. Rather, Plaintiff argues that this Court did not find Defendant was not guilty of the alleged conduct, but that this Court found that there was no remedy available to Plaintiff under federal law. Therefore, Plaintiff argues only FERC can determine damages in this matter. Furthermore, Plaintiff argues that because the suit was filed in Wyoming, Wyoming law must determine whether Defendant is entitled to attorneys' fees, and under Wyoming law the motion should be denied. Additionally, Plaintiff argues that granting Defendant's motion for attorney's

fees would produce an inequitable and unfair result.

///

///

## II.      DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(d), a party may move for attorneys' fees and non-taxable expenses within fourteen days after entry of judgment. Fed. R. Civ. P. 54(d)(2). "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees." MRO Communications, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). To recover, another source of authority for such an award must exist. Id. at 1281. Where a federal district court is exercising its subject matter jurisdiction over a state law claim, the court should follow state law regarding awarding attorneys' fees so long as that state law is not contrary to a federal statute or rule. Id.; see also Schulz v. Lamb, 591 F.2d 1268, 1273 (9th Cir. 1978) ("Federal courts, however, are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney's fees.").

In general, in cases involving multidistrict litigation ("MDL"), the choice of law rules that must be applied by a transferee court are consistent with the rules to be applied by transferee courts that receive cases under the convenience-transfer statute. See 28 U.S.C. § 1407(a); 28 U.S.C. § 1404(a). By its nature, multidistrict litigation tends to be complex litigation and traditionally courts have treated assignment to an MDL court as a traditional change in venue. Thus, where the central question is a substantive question of state law, "a United States District Court to which an action is transferred pursuant to 28 U.S.C.A. § 1407 must apply the substantive law of the transferor state and circuit." In re Air Crash Disaster at Boston, Mass. on July 31, 1973, 399 F. Supp. 1106, 1108 (D.C. Mass. 1975); see also In re Nucorp Energy Sec. Litig., 772 F.2d 1486, 1492 (9th Cir. 1985); In re Four Seasons Sec. Law Litig., 370 F. Supp. 219 (W.D. Okl. 1974); In re Plumbing Fixtures

Litig., 342 F. Supp. 756 (Jud. Pan. Mult. Lit. 1972); Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp., 309 F. Supp. 1053 (E.D. Pa. 1969).  Thus, a MDL transferee court must apply the law of the state in which the transferor court sits.  In re Nucorp, 772 F.2d at 1492.  The Judicial Panel on Multidistrict Litigation transferred the present matter to this Court from the United States District Court for the District of Wyoming, where Plaintiff originally filed suit.  Therefore this Court, as the transferee court, is bound to apply Wyoming state law.  Id.

   The Wyoming Supreme Court has held that the assessment of attorneys' fees is a procedural matter and therefore is governed by the forum state's law.  Smithco Eng'g, Inc. v. Int'l Fabricators, Inc., 775 P.2d 1011, 1018 (Wyo. 1989).  In Smithco, an Oklahoma corporation brought suit against a Wyoming corporation in Wyoming to foreclose on a mechanic's lien.  Id. at 1016-17.  The Smithco plaintiff moved the court to grant attorneys' fees under Oklahoma Statute Annotated Title 12 § 936.  Id. at 1017.  The Wyoming Supreme Court denied the motion for attorneys' fees, holding that under Wyoming's choice of law rules the determination of attorneys' fees is a procedural matter, and therefore governed by Wyoming law.  Id. at 1018.  As a result, the court held that the procedural Oklahoma attorneys' fees statute, Oklahoma Statute Annotated Title 12 § 936, cannot be applied in Wyoming courts.  Id.  Wyoming "follow[s] the American rule which states each party is responsible for his own attorney's fees in the absence of an express contractual or statutory provision to the contrary."  Dewey v. Wentland, 38 P.3d 402, 420 (Wyo. 2002) (citing McGuire v. Lowery, 2 P.3d 527, 533 (Wyo. 2000)).  As the Wyoming Supreme Court has held that Oklahoma Statute Annotated Title 12 § 936 cannot be applied to cases originally brought in Wyoming courts, the Court will deny Defendant's motion for relief pursuant to Oklahoma Statute Annotated Title 12 §936.  Smithco, 775 P.2d at 1018.

///

///

**III.     CONCLUSION**

   IT IS THEREFORE ORDERED that Defendant's Motion for Attorney's Fees and Brief in Support (2:06-CV-0282-PMP-PAL, Doc #62) is hereby DENIED.

DATE:  August 3, 2006

_____
PHILIP M. PRO
Chief United States District Judge